FILED
CLERK, U.S. DISTRICT COURT
2/21/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___TV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2023 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:24-cr-00111-FMO |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. § 2253: Criminal Forfeiture] |
| JIMMY CORTEZ MONTANO, aka "jimmyzzz2010," aka "jimmyzzz2019," | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about November 19, 2020, in Los Angeles County, within the Central District of California, defendant JIMMY CORTEZ MONTANO, also known as ("aka") "jimmyzzz2010," aka "jimmyzzz2019," knowingly possessed a Dell laptop computer with the user name "jimmyzzz" (the "Dell laptop"), which contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not attained 12 years of age, that had been mailed, and shipped and

transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant MONTANO possessed on the Dell laptop included, but was not limited to, the following:

1. Sammy 000x.mp4;
2. 8.mp4; and
3. cam00235ct.mp4.

|   |   |
|---|---|
| 1 | COUNT TWO |
| 2 | [18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)] |

On or about November 19, 2020, in Los Angeles County, within the Central District of California, defendant JIMMY CORTEZ MONTANO, also known as ("aka") "jimmyzzz2010," aka "jimmyzzz2019," knowingly possessed a Samsung Galaxy S10 phone with IMEI number 352734111786446 (the "Samsung phone"), which contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not attained 12 years of age, that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant MONTANO possessed on the Samsung phone included, but was not limited to, the following:

1. Dpx8qmtmGYUESLsF.mp4;
2. UHBy26Li7TxwlCor.mp4.

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in Counts One and Two of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a)   All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b)   All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c)   All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

4

the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

_____/s/_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

KYLE W. KAHAN
Assistant United States Attorney
International Narcotics, Money Laundering, and Racketeering Section